Jerome B. E. Wolff, J.
This action is brought pursuant to article 15 of the Real Property Actions and Proceedings Law by the plaintiff, in order to determine title to a tract of land known as "Canoga Island”. The defendants comprise 35 cottage owners who have cottages on that tract of land in question and they, in turn, claim title to this property by virtue of adverse possession. The State of New York was made a defendant on motion to determine whether the State has title to the said property.
The only issue at this juncture is to determine whether the plaintiff has title to the so-called "Canoga Island”.
In order to portray the situs, a description must be outlined, before we proceed to the law and the facts.
The property in question has been known for years as "Canoga Island”. It is an elongated strip of land approximately 1,870 feet long and varies in width. Its north end is approximately 140 feet, and the width continues to vary from 45 feet to 160 feet, to 85 feet and 45 feet, and at the south end varies to 110 feet. The land runs in a north to south direction and is located on the west side of Cayuga Lake in the Town of Fayette, Seneca County, New York. It is bounded on the east by Cayuga Lake and on the west by a marsh continuing its full length. Canoga Island is separated from the mainland by this marsh which varies in width from 960 feet to 550 feet. Upon Canoga Island are built cottages, which are owned by the 35 defendants.
It is the plaintiff’s contention that by virtue of its claim of title derived from two letters patent, and their description that it not only has title to the entire marsh, but also to Canoga Island.
For brevity, only those parts of the two letters patent pertinent to the issue will be set forth as follows:
State of New York to Michael Vreeland dated January 15, 1813, designated as lot No. two and part of a larger tract known as Canoga reservation. "Beginning at the north east corner of said Canoga reservation at a white oak tree marked CR 1795 * * * thence south eighty-two degrees thirty minutes east seven chains and fifty links to the marsh near the *500 lakeshore, and then northerly along the lake to the place of beginning, containing two hundred acres.”
State of New York to Daniel Blackney, dated February 1, 1813, designated as lot No. four of a larger tract known as Canoga reservation, "thence south eighty-two degrees thirty minutes east seven chains and fifty links to the marsh and the lakeshore, and thence southerly along the lakeshore to the place of beginning, containing two hundred acres”.
Both letters patent are fully described in metes and bounds and are further buttressed by field notes describing both parcels with a map.
The plaintiff argues that these afore-mentioned descriptions establish their eastern boundaries and can be interpreted to mean that they have title not only to the entire marsh, but extending further to include Canoga Island, or in the alternative their title extends to the low water level of Cayuga Lake, which would be located east of Canoga Island, and therefore would encompass Canoga Island and the marsh.
The finding or the fixing of a location of the low water line relative to the plaintiff’s property cannot be accomplished by this court.
The proof on the various hearings has revealed that very few records were maintained in 1800’s as to the lake level of Cayuga Lake, and that they are not definitive. In 1830 the State embarked on the drainage of Seneca River and its related marshes at upper end of the lake and thereafter from 1909, and the completion of the Erie Barge Canal system, the level of Cayuga Lake can be manipulated by the opening and closing of gates and sluiceways situated at lock No. 1 at the north end of the lake and the locks and dams at the Seneca Falls lock.
Therefore, since it cannot be proven as to what the lake level was at the time of the letters patent, nor has it been, any records kept after 1910 cannot be used in retrospect to locate a lake level, since the natural level of lake can be varied by man.
The case of Stewart v Turney (237 NY 117), has set the precedent of extending title to the low water mark of Cayuga Lake. That case is distinguished from the instant question, insofar, as the original grant extended to Cayuga Lake and thence along the east shore of the lake.
Reviewing the testimony once again in this case, there has *501 been complete proof and not contradicted, that a survey and a map prepared therefrom in 1968 coincides exactly with the metes and bounds of the letters patent and places the eastern termini of the plaintiffs property on top of the banks bordering on the marsh. In fact, some of the termini points are located 20 to 25 feet westerly from the banks.
The banks bordering the marsh average from 6 to 8 feet above the entire marsh. The hard land of the plaintiff begins from the apex of those banks.
There has been proof that the marsh is always covered with water. Using these facts, the court reaches the conclusion that the Stewart v Turney case does not apply in this situation.
Other uncontradicted proof has shown that various species of trees have been growing on Canoga Island over many years. The acreage in the recent survey coincides with the letters patent. The description in the letters patent to Vreeland begin with a white oak tree, which cannot grow, or exist if it is inundated with water. There has been no proof, whatsoever, that Canoga Island never existed as an island.
In order to substantiate the plaintiffs claim that its title to Canoga Island exists on an interpretation of the wording describing the eastern boundaries, would necessitate an extension of the eastern termini of the plaintiffs metes and bounds from 800 to approximately 1,300 feet in order to include Canoga Island. This would obfuscate the entire factual situation and definite proof adduced.
The defendants assert their adverse possession based upon occupancy of the island, and the use of the marsh for more than 50 years and continuous use of a road through the plaintiffs property. This issue will not be determined now, since the court concludes based upon the law and the facts, that the plaintiff does not possess title derived from the letters patent as to Canoga Island or the marsh and therefore cannot proceed any further as against the defendants or the State of New York, and its complaint is hereby dismissed.